# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CASE NO. 3:22-cv-292-RJC-DSC

TYLER HOOD, individually and on behalf )
of all others similarly situated, )
)
          **Plaintiff,** )
)
v. )
)
CAPSTONE LOGISTICS LLC, )
)
          **Defendant.** )
)

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant Capstone Logistics LLC's Motion to Dismiss or Strike Plaintiff's Nationwide Collective Action Claims" (document #17) and the parties' briefs and exhibits (documents #18, #21, and #27).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration. Having fully considered the arguments, the record, and the applicable authorities, the undersigned respectfully recommends that the Motion be *granted* as discussed below.

### I. Factual and Procedural Background

On June 30, 2022, Plaintiff Tyler Hood filed a Class and Collective Action Complaint against his former employer, Capstone Logistics LLC. Counts I and II of the First Cause of Action allege that the company's minimum wage and overtime practices violate the Fair Labor Standards Act ("FLSA").[1]

---

[1] Plaintiff's second Cause of Action under the North Carolina Wage and Hour Act is not the subject of this Motion to Dismiss.

Plaintiff brings this action on behalf of himself and other similarly situated former and/or current Capstone employees who elect to opt in pursuant to the collective action provision of the FLSA. The national collective Plaintiff purports to represent includes "all people who are or have been employed by Capstone as Unloaders and other positions with similar job duties within the United States from the three years prior to this action's filing date through the final disposition of this action."

Capstone is a Delaware corporation with its principal place of business in Georgia and offices in nearly every state. From these offices it recruits and hires hourly, non-exempt employees including but not limited to unloaders, team leads, carriers, and other positions with similar duties ("unloaders"). These employees support Capstone's warehousing and fulfillment, freight management, and last mile delivery operations. Plaintiff worked in a Capstone warehouse in Charlotte, North Carolina from approximately February 2021 until February 2022 as an unloader and supervisor, as well as in other roles with similar responsibilities.

Accepting the allegations in the Complaint as true, Capstone fails to pay minimum wage and overtime compensation as required by federal and state law. For example, Plaintiff and other Collective Members are routinely too busy during the day to take meal breaks. When this occurs, clerks and/or supervisors are instructed to artificially clock Collective Members out and back in so that company records reflect a thirty- minute meal break even though one was never taken. They are also often instructed to work during meal breaks to train other employees or respond to supervisors' work-related outreach. Additionally, Collective Members including Plaintiff are regularly required to begin work approximately twenty minutes before clocking in and continue work for approximately thirty minutes after clocking out. The off-the-clock work conducted during these periods includes cleaning personal protective equipment, attending safety meetings,

and carrying tools to and from the equipment room. As a result of these practices, Plaintiff alleges that he and the Collective Members worked and continue to work hours that are not recorded and for which they are not compensated. This has frequently caused their hourly rates to fall well below the requisite minimum wage and overtime rates.

On September 6, 2022, Capstone filed the instant Motion to Dismiss or Strike Plaintiff's nationwide collective action claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(f).

## II. Analysis

**A. This Court lacks personal jurisdiction over Capstone with respect to the claims of the nationwide collective action members who Plaintiff purports to represent.**

The crux of Capstone's argument is that this Court cannot exercise personal jurisdiction to adjudicate the claims of "all individuals who have worked for Capstone anywhere in the United States." Capstone urges this Court to follow the lead of three federal circuit courts of appeals by applying the personal jurisdiction analysis articulated in *Bristol-Myers Squibb Co. v. Super. Ct. of California*, 137 S. Ct. 1773 (2017) here.

**1. This Court lacks general jurisdiction over Capstone.**

The Supreme Court has recognized two types of personal jurisdiction: general and specific. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (*quoting Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). The "at home" forums for a corporate defendant "are the corporation's place of incorporation and its principal place of business." *Id.* (*quoting Daimler*, 571 U.S. at 118). In "an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial

3

and of such a nature as to render the corporation at home in that State," such as when a corporation is forced temporarily to relocate its enterprise. *Id.* (*quoting Daimler*, 571 U.S. at 139 n.19).

In *Tyrrell*, the Supreme Court considered whether BNSF, which operated one of its automotive facilities in Montana, was subject to personal jurisdiction there. Although BNSF had more than 2,000 employees in Montana and owned over 2,000 miles of railroad tracks there, the Court held that it was not so heavily engaged in activity "as to render [it] essentially at home in the State." *Id.* (*quoting Daimler*, 571 U.S. at 122).

Here, Plaintiff's allegation of "substantial and continuous" activity by Capstone is likewise insufficient. Capstone is not incorporated in North Carolina nor does it maintain its principal place of business here. It does not own real property in the state, and although 5.3% of its employees work here, it also has employees in nearly every other state. Because Capstone is not "essentially at home" in North Carolina, it is not subject to general jurisdiction.

> **2. Because the weight of federal circuit court authority supports application of *Bristol-Myers* to FLSA Collective Actions, this Court cannot exercise specific personal jurisdiction over Capstone with respect to the nationwide collective action members' claims.**

The Fourth Circuit has identified three criteria for determining whether specific jurisdiction exists: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (citations omitted). "The plaintiff must prevail on each prong." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016).

Relying on *Bristol-Myers*, Capstone argues that Plaintiff has not satisfied the second and third prongs of that test. In *Bristol-Myers*, more than six hundred plaintiffs, most of whom lived outside California, sued the pharmaceutical company in state court alleging harm caused by its drug Plavix. But the non-resident plaintiffs did not claim any relationship with the forum state. They did not purchase, ingest, or suffer any harm from Plavix in California. The Court held that "[t]he mere fact other plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Bristol-Myers*, 137 S. Ct. at 1781.

The Fourth Circuit has not ruled on this issue. The Third, Sixth, and Eighth Circuits have followed the *Bristol-Myers* court's reasoning and held that a district court may not exercise specific personal jurisdiction over FLSA claims by collective action members that do not arise from their work in the forum state. *See Fischer v. Fed. Express Corp.*, 42 F.4th 366, 387-88 (3d Cir. 2022) (holding that the U.S. District Court for the Eastern District of Pennsylvania could not exercise personal jurisdiction over the FLSA claims of New York and Maryland collective action members because they did not "demonstrate that their claims arise out of or relate to [defendant's] minimum contacts with Pennsylvania as is required by the Fourteenth Amendment"); *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 397 (6th Cir. 2021) (affirming dismissal of claims of nationwide FLSA collective action members because "a court may not exercise specific personal jurisdiction over claims unrelated to the defendant's conduct in the forum State"); *Vallone v. CJS Sols. Group, LLC*, 9 F.4th 861, 866 (8th Cir. 2021) (affirming order denying certification of FLSA claims because "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy – unconnected activities do not establish jurisdiction"). There is a circuit split arising

5

from the First Circuit's decision in *Waters v. Day & Zimmerman NPS Inc.*, 23 F.4th 84 (1st Cir. 2022). Capstone argues that "a court may not exercise specific personal jurisdiction over claims unrelated to the defendant's conduct in the forum State," even when such claims are asserted as part of a proposed collective action. *Canaday*, 9 F.4th 392 at 397.

One District Court in the Fourth Circuit has also adopted this approach. In *Speight v. Laboratory Source LLC*, 4:21-CV-112, 2022 WL 1164415, at *7 (E.D.N.C. Apr. 19, 2022), the plaintiff asserted wage and hour claims under the FLSA on behalf of a nationwide collective action. The court dismissed the claims of collective action members who worked in "states other than North Carolina or whose employment with defendant otherwise had no connection to this state." *Id*. The court reasoned that the plaintiff did not allege sufficient facts to support specific jurisdiction over the claims of non-North Carolina collective members because the "plaintiff fail[ed] to allege such connections to the forum in regard to those claims." *Id*. The court held that it lacked personal jurisdiction as to FLSA claims brought "on behalf of putative collective members who did not work in North Carolina, were not hired in North Carolina, or whose employment by defendant was not otherwise related to North Carolina." *Id.*

Similarly, Plaintiff here has not alleged facts showing that the nationwide claims of collective members "arise out of" activities directed at North Carolina or that the exercise of personal jurisdiction over those claims would be constitutionally reasonable. While the Fourth Circuit has yet to decide whether the reasoning of *Bristol-Myers* applies to the personal jurisdiction analysis in FLSA collective actions, three out of four circuits and the Eastern District of North Carolina have held that it does. Because the weight of authority supports application of *Bristol-Myers* to collective actions brought under the FLSA, the undersigned respectfully

6

recommends that Capstone's Motion to Dismiss or Strike Plaintiff's nationwide collective action claims be granted.

**B. Capstone's motion is not premature.**

Plaintiff argues that Capstone's Motion to Dismiss or Strike should be denied because it is "an improper attempt to preemptively preclude putative collective members from joining this case based on speculation." According to Plaintiff, because no claims by opt-ins other than Hood are presently before the court, the question of whether it has jurisdiction over individuals yet to join the suit is not ripe for consideration.

The cases that Plaintiff cites in support of this argument do not establish that Capstone's motion is premature. They involve putative class actions, not FLSA collective actions. A key distinction between Rule 23 class actions and FLSA collective actions is that the former does not require class members to affirmatively opt in, while the latter requires employees to consent in writing to become a party to the action. This distinction is relevant when assessing personal jurisdiction.

### III. Recommendation

FOR THE FOREGOING REASONS, Defendant Capstone Logistics LLC's Motion to Dismiss or Strike Plaintiff's Nationwide Collective Action Claims should be **GRANTED.**

### IV. Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. *Diamond v. Colonial Life*, 416 F.3d 310, 315–16 (4th Cir.

2005); *Wells v. Shriners Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997); *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Diamond*, 416 F.3d at 316; *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003); *Wells*, 109 F.3d at 201; *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: December 2, 2022

David S. Cayer
United States Magistrate Judge