UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00292-RJC-SCR

| | |
|---|---|
| TYLER HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| CAPSTONE LOGISTICS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss or Strike filed by Capstone Logistics, LLC (Doc. No. 17) and the Magistrate Judge's Memorandum and Recommendation (M&R) (Doc. No. 31). For the reasons below, the M&R is **NOT ADOPTED**, and the Motion to Dismiss or Strike is **DENIED**.

I.  **BACKGROUND**

Tyler Hood, a resident of North Carolina and a former employee of Capstone Logistics, LLC, claims that Capstone failed to pay its workers minimum wage and overtime. Compl. ¶¶ 1, 3–4, 16, Doc. No. 1. Based on that allegation, Hood seeks to bring a collective action under the Fair Labor Standards Act (FLSA) and a class action under the North Carolina Wage and Hour Act. *Id.* ¶¶ 74–126. The putative collective action would include Capstone employees throughout the United States, while the putative class action would comprise only Capstone employees in North Carolina. *Id.* ¶¶ 5, 7, 55, 66.

Capstone moved to dismiss or strike the claims related to Hood's nationwide collective action. Doc. No. 17. Capstone argues that, under *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255 (2017), this Court would lack personal jurisdiction over any claims

brought by collective members who worked outside of North Carolina. Def.'s Mem. Supp. 1–2, Doc. No. 18.

Hood contests Capstone's application of *Bristol-Myers*. Pl.'s Resp. 10, Doc. No. 21. He also argues that Capstone's motion is premature. *Id.* at 24. In support of the latter argument, Hood points out that, at this point in the litigation, no collective members have opted in to the suit, and no out-of-state claims exist yet. *Id.* He therefore argues that it is too early for the Court to evaluate its ability to exercise jurisdiction over such claims. *Id.*

The M&R recommends granting Capstone's motion. M&R 7, Doc. No. 31. Citing precedent from three circuits, the M&R concludes that, under *Bristol-Myers*, this Court would lack personal jurisdiction over any claims brought by out-of-state collective members. *Id.* at 5–7; *see Fischer v. Fed. Express Corp.*, 42 F.4th 366 (3d Cir. 2022); *Canaday v. Anthem Cos.*, 9 F.4th 392 (6th Cir. 2021); *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861 (8th Cir. 2021); *but see Waters v. Day & Zimmerman NPS Inc.*, 23 F.4th 84 (1st Cir. 2022). The M&R also rejects Hood's argument that Capstone's motion is premature. *See* M&R 7.

Hood objects. Doc. No. 32. He argues that the M&R's analysis of *Bristol-Myers* is wrong. Pl.'s Objs. 5–14, Doc. No. 32. And he contends that the M&R erroneously rejected his ripeness challenge. *Id.* at 15–16.

## II.  STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are

2

challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III.   DISCUSSION

Capstone's motion is premature. In FLSA collective actions, "plaintiffs desiring to be included in the litigation must 'opt in' to the suit by filing a written consent with the court." 7B Mary Kay Kane, *Federal Practice and Procedure* § 1807 (3d ed. Apr. 2023 update); *see* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). At this stage, no collective members have opted in to Hood's suit. Since "there are no opt-in plaintiffs, there is no collective action." 7 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 23:39 (6th ed. June 2023 update). Nor are there any out-of-state claims for the Court to consider.

With no out-of-state collective claims before the Court, the Court would issue an advisory opinion if it opined on its ability to exercise jurisdiction over such claims. *See Alvarado v. Envolve Client Servs. Grp., LLC*, --- F. Supp. 3d ---, 2023 WL 1423995, at *3–4 (W.D. Tex. Jan. 31, 2023) (declining to analyze "jurisdictional questions concerning putative collective action members" because "premature rulings on the jurisdiction of putative claims are merely advisory opinions, which violate the Constitution"); *see also Golden v. Zwickler*, 394 U.S. 103,

108 (1969) ("[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. . . . '[C]oncrete legal issues, presented in actual cases, not abstractions' are requisite." (quoting *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947))).

Many district courts have refused to analyze whether they would have jurisdiction over collective claims that have not yet been asserted.[1] Some courts, however, have analyzed their potential jurisdiction over such putative claims,[2] with one asserting that, "as a matter of efficiency and case management," a court may "consider whether it would have personal jurisdiction" over "potential opt-in plaintiffs." *Wilkerson v. Walgreens Specialty Pharmacy LLC*, 637 F. Supp. 3d 718, 2022 WL 15520004, at *2–3 (D. Ariz. 2022); *cf. Martinez v. Tyson Foods, Inc*, 533 F. Supp. 3d 386, 390–91 (N.D. Tex. 2021). But "the fact that a given . . . procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not

---

[1] *See, e.g.*, *Alvarado v. Envolve Client Servs. Grp., LLC*, --- F. Supp. 3d ---, 2023 WL 1423995, at *2–4 (W.D. Tex. Jan. 31, 2023); *McKinnon v. Peloton Interactive, Inc.*, 2023 WL 2628614, at *5–6 (C.D. Cal. Feb. 8, 2023); *Luna Vanegas v. Signet Builders, Inc.*, 2023 WL 4926237, at *9 (W.D. Wis. Aug. 2, 2023); *Parker v. Perdue Farms, Inc.*, 2022 WL 17553008, at *3 (M.D. Ga. Dec. 9, 2022); *Hafley v. Amtel, LLC*, 2022 WL 20032814, at *2 (S.D. Ohio Mar. 18, 2022); *Lochren v. Horne LLP*, 2022 WL 14065521, at *3–4 (M.D. Fla. May 3, 2022); *Knecht v. C&W Facility Servs.*, 534 F. Supp. 3d 870, 876 (S.D. Ohio 2021); *Parker v. IAS Logistics DFW, LLC*, 2021 WL 170788, at *3 (N.D. Ill. Jan. 19, 2021); *Iannotti v. Wood Grp. Mustang*, 2021 WL 2805812, at *5 (S.D. Ill. July 6, 2021); *Green v. Verita Telecomms.Corp.*, 2021 WL 2227379, at *5 (N.D. Ohio June 2, 2021); *Belt v. P.F. Chang's China Bistro, Inc.*, 2020 WL 3829026, at *7–8 (E.D. Pa. July 8, 2020); *Warren v. MBI Energy Servs., Inc.*, 2020 WL 5640617, at *2 (D. Colo. Sept. 22, 2020); *cf. Gutierrez v. Int'l Paper Co.*, 2023 WL 3528395, at *2 (C.D. Cal. Mar. 21, 2023) (concluding that "it is premature to determine whether [the court] has personal jurisdiction over out-of-state FLSA class members until the preliminary certification stage" but stating that, "[i]n any event," the court "lacks [such] personal jurisdiction").

[2] *See, e.g.*, *Wilkerson v. Walgreens Specialty Pharmacy LLC*, 637 F. Supp. 3d 718, 2022 WL 15520004, at *2–3 (D. Ariz. 2022); *Martinez v. Tyson Foods, Inc*, 533 F. Supp. 3d 386, 390–91 (N.D. Tex. 2021); *cf. Roberts v. Sidwell Air Freight Inc.*, 2022 WL 16949565, at *4 (W.D. Wash. Nov. 15, 2022) (ruling on a motion for conditional certification and stating that, "to determine to whom the plaintiff can appropriately send notice, [the court] must necessarily decide whether notifying out-of-state plaintiffs would be appropriate").

save it if it is contrary to the Constitution." *Immigr. & Naturalization Serv. v. Chadha*, 462 U.S. 919, 944 (1983). And the "prohibition on advisory opinions . . . is a constitutional mandate." *Alvarado*, --- F. Supp. 3d ---, 2023 WL 1423995, at \*4; *see Carney v. Adams*, 141 S. Ct. 493, 498 (2020) ("The Constitution grants Article III courts the power to decide 'Cases' or 'Controversies.' We have long understood that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." (citation omitted)). Thus, the Court will evaluate its jurisdiction over out-of-state collective claims at a later stage, if necessary.[3]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 31) is **NOT ADOPTED**.

2. Capstone's Motion to Dismiss or Strike (Doc. No. 17) is **DENIED**.

Signed: August 22, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[3] Capstone argues that the Court should review the M&R for clear error. Def.'s Resp. to Pl.'s Objs. 8, Doc. No. 33. Even if that is correct, the M&R's ripeness analysis contains clear error.