UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00292-RJC-SCR

| TYLER HOOD, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| CAPSTONE LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on the Motion to Certify the District Court's August 22, 2023 Order for Interlocutory Appeal filed by Capstone Logistics, LLC. (Doc. No. 36). For the reasons below, the Motion is **DENIED**.

## I. BACKGROUND

Tyler Hood, a resident of North Carolina and a former employee of Capstone Logistics, LLC, claims that Capstone failed to pay its workers minimum wage and overtime. (Doc. No. 1 at ¶¶ 1, 3–4, 16). Based on that allegation, Hood seeks to bring a collective action under the Fair Labor Standards Act (FLSA) and a class action under the North Carolina Wage and Hour Act. (*Id.* at ¶¶ 74–126). The putative collective action would include Capstone employees throughout the United States, while the putative class action would comprise only Capstone employees in North Carolina. (*Id.* at ¶¶ 5, 7, 55, 66).

Capstone moved to dismiss or strike the claims related to Hood's nationwide collective action. (Doc. No. 17). Capstone argued that, under *Bristol-Myers Squibb Co.*

1

*v. Superior Court of California*, 582 U.S. 255 (2017), this Court would lack personal jurisdiction over any claims brought by collective members who worked outside of North Carolina. (Doc. No. 18).

Hood contested Capstone's application of *Bristol-Myers*, arguing that Capstone's motion was premature. (Doc. No. 21 at 33). In support of the latter argument, Hood pointed out that, at this point in the litigation, no collective members have opted into the suit, and no out-of-state claims exist yet. (*Id.*) He argued that it was too early for the Court to evaluate its ability to exercise jurisdiction over such claims. (*Id.* at 33–34).

This Court denied Capstone's motion to dismiss. (Doc. No. 35 at 5). It reasoned that, as there were currently no out-of-state plaintiffs, to issue a decision would ultimately be an advisory opinion, and such opinions are prohibited by the Constitution. (*Id.* at 4–5). *See also Carney v. Adams*, 592 U.S. 53, 58 (2020).

Capstone subsequently moved this Court to certify for interlocutory appeal its order denying Capstone's Motion to Dismiss. (Doc. No. 36-1 at 2).

## II. STANDARD OF REVIEW AND DISCUSSION

A district court may certify an order for interlocutory appeal if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). The statute sets forth three requirements for an interlocutory appeal to be granted: (1) a controlling question of law (2) for which there is substantial ground for difference of opinion and (3) the immediate appeal may materially advance the

termination of litigation. *See id.*; *see also Milic v. McCarthy*, 469 F. Supp. 3d 580, 582 (E.D. Va. 2020). Interlocutory appeals under 1292(b) should be used "sparingly," and "its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). These appeals are extraordinary remedies. *Fannin v. CSX Transp., Inc.*, No. 88–8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989). Thus, the movant bears the burden of persuading the Court that the extraordinary relief of certification under § 1292(b) is warranted.

"[F]or a question to be 'controlling,' the district court must actually have decided such question." *Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 3540473, at *4 (E.D. Va. June 3, 2015) (citations omitted). "[T]he kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin*, 1989 WL 42583, at *5.

Capstone puts forth two questions that it contends are controlling questions of law: (1) whether district courts should decide based on the face of the Complaint whether a plaintiff has demonstrated that it may exercise personal jurisdiction over a defendant with respect to nationwide claims that a plaintiff asserts; and (2) whether *Bristol-Meyers* restricts the exercise of specific personal jurisdiction over a defendant in nationwide collective action claims. (Doc. No. 36-1 at 7). These are not controlling questions of law.

Here, there were no out-of-state collective claims before the Court. (Doc. No.

35 at 3). Thus, the Court declined to address its jurisdiction over out-of-state collectives claims and resolved to "evaluate its jurisdiction . . . at a later stage, if necessary." *Id.* at 5. As to Capstone's first question, whether the Court decides if it may exercise personal jurisdiction from the face of the Complaint or at some later point, is not a controlling question of law. The timing issue itself would not be dispositive of the litigation in part or in full nor does it advance the ultimate termination of the litigation. *Fannin*, 1989 WL 42583, at *5 ("The mere fact that [resolution of this issue] at this time *may* save pre-trial and trial effort and expense is not determinative; that of course can be said of any interlocutory appeal." (citing *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986))). Further, as to Capstone's second question, should a certification for interlocutory appeal be granted, any opinion rendered by the Fourth Circuit would be only an advisory opinion, as the issue was not addressed by this district court. *Schwartz v. Rent A Wreck of Am., Inc.*, 603 F. App'x 142, 145 n. 2 (4th Cir. 2015); *see Countrywide Sec. Corp.*, 2015 WL 3540473, at *6 ("The Court cannot certify for interlocutory appeal a question not ruled upon."). Accordingly, there is no controlling question of law in this motion, and without it, an interlocutory appeal should not be granted. *See* 28 U.S.C. § 1292(b).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Certify the District Court's August 22, 2023 Order for Interlocutory Appeal (Doc. No. 36) is **DENIED**.

Signed: July 1, 2024

Robert J. Conrad, Jr.
United States District Judge

4