# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:22-CV-00292-RJC-SCR

| | |
|---|---|
| **TYLER HOOD,**<br><br>Plaintiff,<br><br>v.<br><br>**CAPSTONE LOGISTICS, LLC,**<br><br>Defendant. | <br><br><br><br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Equitable Tolling of the Statute of Limitations for Opt-In Plaintiffs" (Doc. No. 40), as well as the parties' briefs and exhibits. (Doc. Nos. 41, 47, 50). For the reasons below, the Motion is granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a former employee of Defendant, brought this collective and class action under the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act, respectively. (Compl., Doc. No. 1). In his action under the FLSA, Plaintiff seeks to represent a collective (the "Collective") of "all hourly, non-exempt employees who are or have been employed by Defendant in the United States within the Collective Time Period." Id. at 5, ¶ 17. Plaintiff's Complaint requested equitable tolling of the statute of limitations so that employees who have not yet received notice or an opportunity to join might still join the Collective. (Compl., Doc. No. 1 at 3, ¶ 6).

Plaintiff filed his Motion for Equitable Tolling of the Statute of Limitations for Opt-In Plaintiffs on September 26, 2023. (Doc. No. 40). Plaintiff asserts that equitable tolling will protect the interests of potential Collective members that may be "unjustly diminished or extinguished" due to delays outside of their control. (Doc. No. 41 at 1, ¶ 1). Plaintiff's Motion comes partly in

response to a series of motions made by the Defendant. (Doc. No. 41 at 2). On September 6, 2022, Defendant filed a Motion to Dismiss on jurisdictional grounds which was ultimately denied. (Doc. Nos. 17 & 35). Defendant also filed a motion to certify the Court's order for interlocutory appeal, which was denied on July 2, 2024. (Doc. Nos. 36 & 53).

As to the current Motion, Defendant asserts that Plaintiff has not acted diligently to preserve the rights of potential plaintiffs and that the present circumstances do not qualify as "extraordinary." (Doc. No. 47 at 2-3). Defendant argues that Plaintiff cannot show that equitable tolling is warranted because no opt-in plaintiff has joined the action. Id. at 2.

## II. DISCUSSION

### A. Standard of Review

"The Fourth Circuit has described equitable tolling as 'a discretionary doctrine that turns on the facts and circumstances of a particular case [and] does not lend itself to bright-line rules.'" Schilling v. Schmidt Baking Co., Inc., No. TDC-16-2498, 2018 WL 3520432, at *6 (D. Md. July 20, 2018) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "[E]quitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies." CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) (citing Harris, 209 F.3d at 330). Ultimately, though, "'the decision whether the doctrine should be applied lies within the sole discretion of the court.'" Baxter v. Burns & McDonnell Eng'g Co., Inc., No. JKB-19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020) (quoting United States v. $57,960.00 in U.S. Currency, 58 F. Supp. 2d 660, 664 (D.S.C. 1999)).

### B. Defendant's Motion for Equitable Tolling

"Generally, equitable tolling is available when (1) 'the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' or (2)

'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" Schilling, 2018 WL 3520432, at *6 (quoting Cruz v. Maypa, 773 F.3d 138, 146 (4th Cir. 2014)). Plaintiff argues that equitable tolling is appropriate here because "extraordinary circumstances" apply. (Doc. No 41 at 4). Specifically, Plaintiff maintains that Defendant's attempts to dismiss the case have resulted in "over one year of delay" and "effectively stayed Plaintiff's case." Id. at 3.[1] As a result, Plaintiff argues, "putative Collective members have accrued almost a year of time against their statute of limitations, through no fault of their own." Id.

In its Response, Defendant first notes that no individual opt-in plaintiffs have joined Plaintiff's action. (Doc. No. 47 at 8). Therefore, Defendant contends, "Plaintiff has not and cannot show that equitable tolling is warranted with respect to [any putative Collective member]'s claim(s)," and Plaintiff's Motion should be denied. Id. But "the vast majority of courts have allowed named plaintiffs to request such relief." Schilling, 2018 WL 3520432, at *7 (collecting cases and noting, "the majority approach is appropriate when applying a doctrine grounded in equity"). And Defendant's argument would effectively negate the reason for Plaintiff's Motion—to protect the rights of those who have not had an opportunity to join the litigation—and render equitable tolling unavailable to those it exists to protect. (Doc. No. 41).

"Courts may equitably 'toll' a statute of limitations 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" Acosta v. Lewaro Interiors, Inc., No. 3:18-mc-00087-MOC-DCK, 2018 WL 5300390, at *2 (W.D.N.C. Oct. 25, 2018) (quoting Lozano v. Montoya Alvarez, 134 S. Ct. 1224, 1231-1232 (2014)). Defendant asserts both that Plaintiff did not act diligently to preserve the rights of the

---

[1] Plaintiff's initial brief in support of this Motion was filed September 26, 2023, hence the over one-year delay discussed at that time. Defendant's filing of its Motion to Certify Interlocutory Appeal resulted in additional delay.

putative Collective members and that the present circumstances do not qualify as "extraordinary." (Doc. No. 47 at 2-3).

Defendant maintains that Plaintiff "cannot plausibly claim that he acted diligently nor provide a valid excuse for his delay in seeking conditional certification." Id. at 15. Defendant further argues that disputes about personal jurisdiction were entirely foreseeable and therefore not outside of Plaintiff's control. Id. Defendant also rightly notes that Plaintiff's Memorandum (Doc. No. 41) does not seem to address the diligence with which Plaintiff must have acted in seeking to preserve the rights of the putative Collective members. Id. at 14.

Still, Plaintiff does appear to have acted diligently. See Holland v. Florida, 560 U.S. 631, 653 (2010) ("[t]he diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence" (internal citations omitted)). Plaintiff's Complaint, filed June 30, 2022, includes a request that the Court equitably toll the statute of limitations for putative Collective members. (Compl., Doc. No. 1 at 3, ¶ 6). Plaintiff has continually sought discovery, as demonstrated by the Motion for Early Discovery (Doc. No. 42) and the email chain attached to Defendant's Memorandum (Doc. No. 47-1). Additionally, when Plaintiff filed this Motion, both parties awaited the Court's decision on Defendant's Motion to Certify for Interlocutory Appeal (Doc. No. 36). As a result, the Court's ability to exercise personal jurisdiction over the as of yet nonexistent Collective members was unclear, and Plaintiff's delay in seeking collective certification is explainable. (Doc. No. 50 at 7); see Sodekson v. E. Coast Rest. & Nightclubs, LLC, No. 4:15-CV-02711-RBH, 2016 WL 4613386, at *4 n. 6 (D.S.C. Sept. 6, 2016) ("Were the Court to find that it lacked personal jurisdiction over one or more Defendants in this case, then that would undoubtedly give rise to the denial of conditional certification as to any claims against those Defendants"); Darrow v. WKRP Mgmt., LLC, No. 09-cv-01613-CMA-BNB, 2011 WL 1666817,

at *2 (D. Colo. May 2, 2011) (discussing briefing of conditional certification as potentially "premature" when a "motion to dismiss is pending").

Defendant further argues that the present circumstances do not qualify as "extraordinary." (Doc. No. 47 at 2). The Court disagrees. Plaintiff filed his initial Complaint on June 30, 2022. (Compl., Doc. No. 1). Since then, Defendant filed a Motion to Dismiss (Doc. No. 17), which was ultimately denied nearly a year later (Doc. No. 35), followed by a Motion to Certify the Court's Order for Interlocutory Appeal (Doc. No. 36), which was also denied (Doc. No. 53). As a result, over two years have passed since Plaintiff filed his initial Complaint, during which time the statute of limitations for putative Collective members has continued to run. See 29 U.S.C. § 256(a)-(b); Wiley v. Asplundh Tree Expert Co., No. 2:13-CV-2952, 2014 WL 12660124, at *3 (S.D. W. Va. Jan. 15, 2014). While "filing motions common to the litigation process in order to exercise particular rights and privileges under the Federal Rules of Civil Procedure . . . does not constitute per se misconduct by a defendant," the passage of time impacts Collective members through no fault of their own. LaFleur v. Dollar Tree Stores, Inc., No. 2:12-cv-00363, 2012 WL 4739534, at *5 (E.D. Va. Oct. 2, 2012); Delcid v. Isabella, No. MJM-20-3167, 2022 WL 17342048, at *2 (D. Md. Nov. 30, 2022) ("in FLSA collective actions, the delay caused by the time the court takes to decide a motion . . . 'may be deemed an "extraordinary circumstance" justifying application of the equitable tolling doctrine.'" (quoting Yahraes v. Rest. Assocs. Events Corp., 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011))). Here, among other things, there were multiple delays due to back-and-forth motions, including Defendant's Motion to Certify for Interlocutory Appeal, and the Court's consideration of same. Therefore, the Court will equitably toll the statute of limitations for putative Collective members from September 6, 2022, the date on which Defendant filed its

Motion to Dismiss, to July 2, 2024, the date on which the Court <u>denied</u> Defendant's Motion to Certify Interlocutory Appeal.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's "Motion for Equitable Tolling of the Statute of Limitations for Opt-In Plaintiffs" is **GRANTED** and the statute of limitations for putative Collective members is tolled from September 6, 2022, to July 2, 2024.

2. The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: August 6, 2024

Susan C. Rodriguez
United States Magistrate Judge