IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 3:22-cv-00292-UJ1-SCR

| | |
|---|---|
| **TYLER HOOD, Individually and on behalf of all others similarly situated,** | § § § |
| *Plaintiff,* | § § |
| v. | § § |
| **CAPSTONE LOGISTICS, LLC,** | § § § |
| *Defendant.* | § |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND SUBSTITUTE CLASS REPRESENTATIVE

## **TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 7 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 7 |
| III. | ARGUMENT | 10 |
| | A. The Court Should Allow Substitution of the Named Plaintiff | 10 |
| | B. The Court Should Permit Plaintiff Sufficient Time to Find an Adequate Substitute Representative | 14 |
| | C. Once a Substitute is Found, the Court Should Grant Leave to Amend | 14 |
| IV. | CONCLUSION | 17 |

# TABLE OF AUTHORITIES

**CASES**

*Aguilar v. Boulder Brands, Inc.*,
   No. 3:12-cv-01862-BTM-BGS, 2014 U.S. Dist. LEXIS 122822
   (S.D. Cal. Sep. 2, 2014) ...............................................................................................11

*Almeida v. Google, Inc.*,
   2009 WL 380908 (N.D. Cal. Nov. 13, 2009 ........................................................... 12

*Barney v. Nova Lifestyle, Inc.*,
   No. CV 18-10725 TJH (AFMx), 2022 U.S. Dist. LEXIS 155604
   (C.D. Cal. Aug. 29, 2022) ............................................................................................. 12

*Booth v. Prince George's Cty.*,
   66 F.R.D. 466 (D. Md. 1975) ....................................................................................... 14

*Bristol-Myers Squibb Co. v. Superior Court of California,*
   137 S. Ct. 1773 (2017) ................................................................................................... 8

*Bunch v. Switchcars, Inc.,*
   No. 1:22-cv-00240-MR-WCM, 2023 U.S. Dist. LEXIS 205754
   (W.D.N.C. Nov. 16, 2023) ............................................................................................ 15

*Castillo v. United Rentals (N. Am.), Inc.*,
   No. 17-1573, 2018 U.S. Dist. LEXIS 118454
   (W.D. Pa. July 16, 2018) ............................................................................................... 12

*Chisolm v. TranSouth Fin. Corp.,*
   194 F.R.D. 538 (E.D. Va. 2000) .................................................................................. 14

*Daulatzai v. Maryland*,
   97 F.4th 166 (4th Cir. 2024) ........................................................................................ 15

*Edmondson v. Eagle Nationwide Mortg. Co.,*
   No. SAG-16-3938, 2024 U.S. Dist. LEXIS 106771
   (D. Md. June 17, 2024) ...........................................................................................11, 14

*Gunnells v. Healthplan Servs.,*
   348 F.3d 417 (4th Cir. 2003) ....................................................................................... 10

*Hawkins v. Leqqett,*
   955 F.Supp.2d 474 (D. Md. 2013) ....................................................................................... 15

*Hernandez v. Balkian*,
   251 F.R.D. 488 (E.D. Cal. March 18, 2008) ...................................................................... 14

*In re A.H. Robins*,
   880 F.2d 709 (4th Cir. 1989) .............................................................................................. 10

*In re GM LLC Ignition Switch Litig.*,
   No. 14-MD-2543 (JMF), 2017 U.S. Dist. LEXIS 189550
   (S.D.N.Y. Nov. 15, 2017) .............................................................................................. 11, 12

*In re Lowe's Cos. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*,
   2021 U.S. Dist. LEXIS 199148
   (W.D.N.C. Oct. 7, 2021) ............................................................................................... 10, 11

*Johnson v. Mammoth Recreations, Inc.,*
   975 F.2d 604 (9th Cir. 1992) .............................................................................................. 15

*Joiner v. Choicepoint Servs.*,
   No. 1:05CV321, 2006 U.S. Dist. LEXIS 68740
   (W.D.N.C. Sep. 22, 2006) ................................................................................................... 16

*Karnuth v. Rodale, Inc.,*
   No. 03-742, 2005 U.S. Dist. LEXIS 14426
   (E.D. Pa. July 18, 2005) ...................................................................................................... 11

*Kremens v. Bartley*,
   431 U.S. 119 (1977) ............................................................................................................ 12

*McKandes v. Carefirst, Inc.*,
   Civ. No. AW-04-743, 2006 U.S. Dist. LEXIS 105054
   (D. Md. June 12, 2006) ................................................................................................ 13, 14

*Mills v. General Dynamics Info. Tech., Inc.*,
   No. 8:18-cv-855-T-36TGW, 2018 U.S. Dist. LEXIS 203756
   (M.D. Fla. Dec. 3, 2018) .................................................................................................... 12

*Nat'l Fed.'n of the Blind v. Target Corp.*,
   582 F.Supp.2d 1185 (N.D. Cal. 2007) ............................................................................... 12

*ohnson v. Oroweat Foods Co.*,
   785 F.2d 503 (4th Cir. 1986) .............................................................................................. 15

*Oliver v. Dep't of Pub. Safety & Corr. Servs.*,
   350 F. Supp. 3d 340 (D. Md. 2018) .................................................................................. 15

*Phillips v. Ford Motor Co.*,
   435 F.3d 785 (7th Cir. 2006) ............................................................................................. 12

*Ramos v. Walmart Inc.*,
   Civil Action No. 21-13827(BRM)(AME), 2025 U.S. Dist. LEXIS 20142
   (D. N.J. Jan. 31, 2025) ...................................................................................................... 12

*Rice v. Lender Servs. Direct, Inc.*,
   No. CV-06-2727-PHX-DGC, 2007 U.S. Dist. LEXIS 58330
   (D. Ariz. Aug. 8, 2007) ......................................................................................................11

*Rich Food Servs. v. Rich Plan Corp.*,
   No. 5:99-CV-677-BR2001 U.S. Dist. LEXIS 25955
   (E.D. N.C. November 19, 2001) ........................................................................................ 15

*Shupe v. Rocket Cos.*,
   No. 1:21-cv-11528, 2024 U.S. Dist. LEXIS 19712
   (E.D. Mich. Feb. 5, 2024) ..................................................................................................11

*Slaughter v. Uponor, Inc.*,
   2012 WL 2780049 (D. Nev. July 9, 2012) ........................................................................ 12

*Valencia v. Armada Skilled Home Care of NM LLC*,
   No. 18-cv-1071 KG/JFR, 2024 U.S. Dist. LEXIS 220675
   (D.N.M. Dec. 4, 2024) ......................................................................................................11

**STATUTES**

Fed. R. Civ. P.  23(d)(1) ............................................................................................... 7, 10

Fed. R. Civ. P. 15 ............................................................................................................. 15

Fed. R. Civ. P. 15(a) ........................................................................................................ 14

Fed. R. Civ. P. 15(a)(2) .................................................................................................... 15

Fed. R. Civ. P. 16(b)(4) .................................................................................................... 15

Fed. R. Civ. P. 23 ............................................................................................................. 14

**TREATISES**

6 Charles Alan Wright, et al., Federal Practice and Procedure (3d ed. 2018) .............................. 15

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**

Due to unforeseen circumstances, Plaintiff Tyler Hood is no longer able to proceed with this action as a named plaintiff and no longer wishes to represent the putative Class and Collective.[1] Plaintiff therefore respectfully requests leave to file an amended complaint naming a new plaintiff. Leave to amend should be granted because Plaintiff's proposed amendment will not unduly prejudice Defendant and is timely. Good cause exists to permit Plaintiff's proposed amendment, which does not impact the substance of this action.

Accordingly, pursuant to Fed. R. Civ. P. 23(d)(1) Plaintiff respectfully requests the Court grant leave to locate a substitute representative plaintiff and amend the complaint, and any deadline to file Plaintiff's motion for class and conditional certification.

II.  **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is a corporation that contracts with various corporations throughout the United States to provide warehousing and fulfillment services, freight management, and last-mile delivery services. Dkt. No. 1, ¶¶ 2, 19, 28. Plaintiff worked for Defendant in Charlotte, North Carolina from approximately February 2021 until February 2022 as an Unloader and Supervisor, as well as in other roles with similar responsibilities. Dkt. No. 1., ¶¶ 16, 30.

On June 30, 2022, Plaintiff filed his Class and Collective Action Complaint. *See* Dkt. No. 1. Plaintiff alleges that Defendant denied him and other putative collective and class members proper payment of all wages (including minimum wage and overtime); failed to authorize, permit,

---

[1] Plaintiff brings this class and collective action individually and on behalf of all current and former hourly, non-exempt employees, including, but not limited to, unloaders, non-exempt team leads, clerks, carriers, and other positions with similar job duties employed by Capstone Logistics, LLC ("Defendant") throughout the United States, within three years preceding the filing of this Action until final resolution of the case ("Collective Members"), and the putative Class ("Class Members").

or make available rest periods and meal breaks, and automatically deducts meal periods from employee's hours; denies employees reimbursement of business expenses; routinely required class members to perform uncompensated "off-the-clock" labor; failed to pay all amounts due upon voluntary or involuntary termination; and failed to pay employees for vacation time accrued but not used. *Id.*

On September 6, 2022, Defendant filed a Motion to Dismiss or Strike Plaintiff's Nationwide Collective Action Claims ("Motion to Dismiss") on jurisdictional grounds based on the U.S. Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S. Ct. 1773 (2017). Dkt. No. 17. On December 2, 2022, the Magistrate Judge issued a recommendation granting Defendant's Motion to Dismiss. Dkt. No. 31. Nearly nine months later, on August 22, 2023, this Court refused to adopt the Magistrate Judge's recommendation and denied Defendant's Motion to Dismiss. Dkt. No. 35. Defendant then moved to certify the Court's order for interlocutory appeal on September 1, 2023, which was also denied on July 1, 2024. Dkt. Nos. 36, 53.

While the motion to certify was pending, Defendant refused to engage in a Fed. R. Civ. P. 26(f) conference, thus prompting Plaintiff to file a Motion for Leave to Seek Early Discovery and Motion for Equitable Tolling. Dkt. No. 43, 40. As a result, no discovery was performed during the interim.

In its July 1, 2024 Order, the Court deemed Plaintiff's Motion for Leave to Seek Early Discovery moot, and further granted in part Plaintiff's Motion for Equitable Tolling. *See* Text-Only Orders (dated July 2, 2024). After Defendant filed its answer on July 16, 2024, Dkt. No. 54, on July 31, 2024, the Parties conducted their Fed. R. Civ. P. 26(f) Conference. Declaration of Michelle Lim ("Lim Dec.") ¶ 4. That same day, Defendant propounded written discovery and noticed Plaintiff's deposition to be taken on October 2, 2024. *Id.*

Due to numerous conflicts, including a family emergency, Plaintiff requested multiple extensions to respond to Defendant's discovery requests, to which he responded on October 17, 2024, and his deposition was ultimately rescheduled for February 26, 2025. *Id*. ¶ 5. As part of these agreements to extend, the Parties agreed Plaintiff would not file his motion for conditional certification until after Mr. Hood had been deposed. *Id*. ¶ 6. Plaintiff also propounded his first set of written discovery requests on January 8, 2025. *Id*. ¶ 7.

The Parties subsequently filed a Joint Status Report with the Court on January 10, 2025, proposing a March 18, 2025 deadline for Plaintiff to file his motion for conditional certification. Dkt. No. 67. The Court did not enter a scheduling order regarding these proposed dates. *See generally* Dkt.

Mr. Hood is dealing with unforeseen personal issues that make it difficult for him to serve as the proposed Collective and Class representative. Lim Dec. ¶ 8, Ex. 1, Declaration of Tyler Hood ("Hood Dec.") ¶ 4. As a result, on January 29, 2025, Mr. Hood communicated to his attorneys he wanted to voluntarily step down as the representative plaintiff. Lim Dec. ¶ 9. After discussing the situation with his attorneys, Mr. Hood confirmed his intent to step down as the representative plaintiff on February 4, 2025. *Id.*; Hood Dec., ¶ 5. Mr. Hood affirmed that he wished to remain part of the putative Class and Collective. Hood Dec., ¶ 4.

On February 10, 2025, Plaintiff's Counsel informed Defendant's Counsel of Mr. Hood's intent to step down as the representative Plaintiff, and proposed to substitute Mr. Hood as the named representative plaintiff. Lim Dec. ¶ 10. Soon thereafter, Defendant sought and was permitted two extensions to Plaintiff's written discovery requests, but Defendant declined to identify its position regarding Plaintiff's proposal. *Id*. ¶ 12. On February 28, 2025, Defendant served Plaintiff objection-only responses to his discovery. *Id*. ¶ 13.

On March 5, 2025, Plaintiff initiated the meet and confer process via email to discuss Plaintiff's discovery requests, and followed up on the proposal to substitute Mr. Hood. *Id.* On March 11, 2025, the Parties held a second teleconference during which they discussed the possibility of stipulating to extend the briefing schedule, given that Plaintiff could not file a motion for conditional certification before a new representative was substituted into the action. *Id*. ¶ 14. That same day, Plaintiff circulated a proposed stipulation to, *inter alia,* provide Plaintiff additional time to substitute himself as class representative, file an amended complaint, and file a motion for conditional certification. *Id.*

One day later, Defendant informed Plaintiff that Defendant would not agree to a stipulation and would be filing a motion to dismiss. *Id.* ¶ 15. Defendant filed its motion the next day, on March 13, 2025. Dkt. No. 68.

### III. ARGUMENT

#### A. The Court Should Allow Substitution of the Named Plaintiff

Pursuant to Fed. R. Civ. P. 23 (d)(1), courts allow named plaintiffs to be substituted when the plaintiff voluntarily leaves the case, or the circumstances have changed such that the plaintiff can no longer adequately represent the class. *See,* Fed. R. Civ. P. 23 (d)(1); *see also, In re Lowe's Cos. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.,* 2021 U.S. Dist. LEXIS 199148, at *8 (W.D.N.C. Oct. 7, 2021) ("substitution [of a class representative] is allowed even [...] where plaintiff seeks a voluntary dismissal"). Further, "Rule 23 [is given] a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and promote judicial efficiency." *Gunnells v. Healthplan Servs.,* 348 F.3d 417, 424 (4th Cir. 2003) (quoting *In re A.H. Robins*, 880 F.2d 709, 740 (4th Cir. 1989), internal quotations omitted).

A class representative should be substituted when they are no longer pursuing the litigation.

*In re Lowe's,* 2021 U.S. Dist. LEXIS 199148, at *8-9 (internal citations omitted). "In general, when a certified or putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even **required**, to protect class interests." *In re GM LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 U.S. Dist. LEXIS 189550, at *340 (S.D.N.Y. Nov. 15, 2017) (emphasis added).

Given that a new class representative is "required" to protect class interests, courts generally grant substitutions. *Karnuth v. Rodale, Inc.,* No. 03-742, 2005 U.S. Dist. LEXIS 14426, at *3 (E.D. Pa. July 18, 2005). Courts grant substitution readily, and plaintiffs may be substituted for any number of reasons, including inadequacy of representation, family illness, and simply a desire to leave the case. *See, e.g., Valencia v. Armada Skilled Home Care of NM LLC*, No. 18-cv-1071 KG/JFR, 2024 U.S. Dist. LEXIS 220675, at *5 (D.N.M. Dec. 4, 2024) (plaintiff substituted due to undisclosed personal matters precluding her from representing the class); *Shupe v. Rocket Cos.*, No. 1:21-cv-11528, 2024 U.S. Dist. LEXIS 19712, at *2-3 (E.D. Mich. Feb. 5, 2024) (plaintiff substituted because they no longer wished to participate); *Edmondson v. Eagle Nationwide Mortg. Co.,* No. SAG-16-3938, 2024 U.S. Dist. LEXIS 106771, at *3 (D. Md. June 17, 2024) (granting substitution when a revised class definition pushed out named plaintiff); *Aguilar v. Boulder Brands, Inc.*, No. 3:12-cv-01862-BTM-BGS, 2014 U.S. Dist. LEXIS 122822 (S.D. Cal. Sep. 2, 2014) (plaintiff substituted before class certification due to health issues); *Rice v. Lender Servs. Direct, Inc.,* No. CV-06-2727-PHX-DGC, 2007 U.S. Dist. LEXIS 58330, at *3-4 (D. Ariz. Aug. 8, 2007) (allowing for substitution when named plaintiff's husband suffered a serious illness).

In the pre-certification context, while the Fourth Circuit has not expressly reached the issue, other courts grant pre-certification substitution when "the named plaintiff's claims remain pending and viable, the request to withdraw is for personal reasons, the original named plaintiff intends to

remain a class member, and there is an adequate proposed substitute named plaintiff available." *Ramos v. Walmart Inc.*, Civil Action No. 21-13827(BRM)(AME), 2025 U.S. Dist. LEXIS 20142, fn 10 (D. N.J. Jan. 31, 2025), (quoting *Barney v. Nova Lifestyle, Inc.*, No. CV 18-10725 TJH (AFMx), 2022 U.S. Dist. LEXIS 155604, at *4-5 (C.D. Cal. Aug. 29, 2022)); *see also Mills v. General Dynamics Info. Tech., Inc.*, No. 8:18-cv-855-T-36TGW, 2018 U.S. Dist. LEXIS 203756 (M.D. Fla. Dec. 3, 2018).[2] Courts have found pre-certification substitution appropriate in the collective action context as well. *Castillo v. United Rentals (N. Am.), Inc.*, No. 17-1573, 2018 U.S. Dist. LEXIS 118454, at *8-9 (W.D. Pa. July 16, 2018).

Given that Mr. Hood still has viable claims as a putative class or collective member, and Mr. Hood simply wishes to withdraw as representative, the Court should allow pre-certification substitution. *See Mills*, 2018 U.S. Dist. LEXIS 203756, at *7 ("when the named plaintiff's claims remain live, and the named plaintiff merely seeks to withdraw as representative, courts have allowed pre-certification substitution." (quoting *Castillo*, 2018 U.S. Dist. LEXIS 118454 at *3)). Without a new representative, the putative Class and Collective will not have adequate representation, and a new representative is required to protect class interests. *See In re GM LLC*, 2017 U.S. Dist. LEXIS 189550, at *340.

Mr. Hood's inability to proceed as a representative due to his new caregiving responsibilities further supports granting leave to substitute. Courts generally permit named

---

[2] *See also Almeida v. Google, Inc.*, 2009 WL 380908, at *3 n.2 (N.D. Cal. Nov. 13, 2009) (noting that those courts that did not permit pre-class certification substitution also found that the amendment would prejudice the defendants); *Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006) (Posner, J.) (noting that "substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptional ('routine') feature of class action litigation ... in the federal courts ...." and collecting cases); *Slaughter v. Uponor, Inc.*, 2012 WL 2780049 (D. Nev. July 9, 2012) (allowing substitution of class representative and denying motion to dismiss where motion revealed statutory bar to representative plaintiff's claims); *Nat'l Fed.'n of the Blind v. Target Corp.*, 582 F.Supp.2d 1185, 1201 (N.D. Cal. 2007) (granting summary judgment against named plaintiffs but granting leave to locate a new class representative); *Kremens v. Bartley*, 431 U.S. 119, 135 (1977) (ordering substitution of class representatives where named plaintiffs' claims were found moot).

plaintiffs to be substituted when the plaintiffs are in the midst of a family emergency. *Rice v. Lender Servs. Direct* 2007 U.S. Dist. LEXIS 58330, at *3. In *Rice*, the court reasoned "[the plaintiff] need[ed] to devote a substantial amount of time to care for her husband and therefore [was] precluded from continuing to serve as a class representative." *Id.* Here, Mr. Hood faces circumstances outside his control that interfere with his ability to serve as the named representative plaintiff. Mr. Hood is now responsible for significant caregiving duties which will make him unable to serve as a representative. Hood Dec. ¶ 4. As a result, he can no longer put in the proper time, effort, and resources to represent the putative Class and Collective, and only seeks to remain part of the putative Class and Collective. *See id*. ¶¶ 4-5.

The amount of time and effort that Plaintiff has invested in this action further supports granting leave. In granting leave to substitute a representative, courts also consider the amount of work already performed in a case. *McKandes v. Carefirst, Inc.*, Civ. No. AW-04-743, 2006 U.S. Dist. LEXIS 105054, at *6 (D. Md. June 12, 2006) (granting substitution when "substantial resources ha[d] already been expended in prosecuting th[e] case[;] and [precedent showed that] courts routinely allow the substitution of a new class representative after the original representative has been disqualified."). Here, the parties and the Court have already expended significant time and resources into motion practice during multiple years of litigation, including the full briefing of a motion to dismiss and/or strike and a motion for early discovery.

Given that Mr. Hood's inability to serve as representative is due to reasons outside of his control, the potential prejudice to the class, the extent of resources already put into this litigation, and given that Plaintiff is currently working to identify an adequate substitute (as discussed below), the Court should permit Mr. Hood to be substituted.

### B. The Court Should Permit Plaintiff Sufficient Time to Find an Adequate Substitute Representative

Plaintiffs are not required to identify an adequate substitute before moving the court to grant substitution of the named plaintiff. *See, e.g., McKandes,* 2006 U.S. Dist. LEXIS 105054 at *21. Courts routinely grant plaintiffs additional time to determine a new adequate class representative when granting motions to substitute class representatives. *See, e.g., Booth v. Prince George's Cty.*, 66 F.R.D. 466, 473 (D. Md. 1975) (30 days to find new class representative); *Chisolm v. TranSouth Fin. Corp.,* 194 F.R.D. 538, 559 (E.D. Va. 2000) ("The Court will allow time for the identification of new named Plaintiffs or for the submission of any additional evidence to demonstrate the ability of a named Plaintiff to continue the prosecution of this action"); *Edmondson,* 2024 U.S. Dist. LEXIS 106771, at *3 (30 days to propose new substitute); *Hernandez v. Balkian*, 251 F.R.D. 488, 491 (E.D. Cal. March 18, 2008) (granting an additional 30 days after plaintiff had already been granted 30 days to amend their complaint to substitute a suitable class representative under Rule 15 despite not having yet located a new class representative for a pre-certification, putative class).

Permitting this time is well within the Court's discretion in interpreting and implementing Fed. R. Civ. P. 23. *See Myers v. Loomis Armored US, LLC,* No. 3:18-cv-00532-FDW-DSC, 2019 U.S. Dist. LEXIS 123884, at *12-13 (W.D.N.C. July 24, 2019). Moreover, Plaintiff is only seeking 30 days, which has been granted in other courts. *Edmonson,* 2024 U.S. Dist. LEXIS 106771, at *3. Given that courts routinely grant plaintiffs time to find new class representatives, and this process should not take an inordinate amount of time, this Court should allow Plaintiff time to find a new class representative.

### C. Once a Substitute is Found, the Court Should Grant Leave to Amend

Before a scheduling order has been entered, Fed. R. Civ. P. 15(a) governs when a party

should be granted leave to amend.[3] As the Court has not issued a scheduling order in this case, leave to amend is governed by Fed. R. Civ. P. 15. It is well established that Rule 15(a) of the Federal Rules of Civil Procedure sets forth a very liberal standard for the amendment of pleadings. The Rule provides: "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1474 (3d ed. 2018) (a party "may make a Rule 15(a) amendment to add, substitute, or drop parties to the action") (collecting cases).

In the Fourth Circuit, leave to amend should be granted under Rule 15(a)'s liberal standard unless amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Granting leave to amend "is the default under Rule 15." *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018).

Bad faith amendments and/or prejudice tend to be found when allegations "shift" over multiple different filings, or when plaintiffs have multiple opportunities to present their claims. *Daulatzai v. Maryland*, 97 F.4th 166, 179-180 (4th Cir. 2024). Courts may also find prejudice when

---

[3] To the extent the Court determines that the Parties' joint status report can supplant a Court-ordered scheduling order for purposes of Rule 16 – it does not – good cause exists to amend the scheduling order. Pursuant to Rule 16, a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Fourth Circuit, the "'good cause' standard focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party." *Bunch v. Switchcars, Inc.,* No. 1:22-cv-00240-MR-WCM, 2023 U.S. Dist. LEXIS 205754, at *4-5 (W.D.N.C. Nov. 16, 2023) (citing *Hawkins v. Leqqett,* 955 F.Supp.2d 474, 498 (D. Md. 2013)). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Rich Food Servs. v. Rich Plan Corp.*, No. 5:99-CV-677-BR2001 U.S. Dist. LEXIS 25955, at *45 (E.D. N.C. November 19, 2001) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Here, Plaintiff has been diligent in pursuing collective certification. Despite delays due to Mr. Hood's personal circumstances and new caregiving duties, Plaintiff has been diligent in seeking this amendment: Plaintiff still propounded discovery, communicated with Defendant's counsel, and, once it became clear that Mr. Hood could not continue as representative, Plaintiff filed this motion within a mere week of Defendant's notice that it would not agree to Plaintiff's proposed stipulation to substitute.

there has been undue delay in bringing the amendment. *Joiner v. Choicepoint Servs.*, No. 1:05CV321, 2006 U.S. Dist. LEXIS 68740, at *3 (W.D.N.C. Sep. 22, 2006). Futility may be found when the amended complaint would not survive a motion to dismiss. *Id.* at 179.

Here, the Parties held their Rule 26(f) conference, opened discovery and began litigating this case only after the July 1, 2024 Order. Plaintiff's request does not prejudice Defendant as Plaintiff's request precedes the filing of any scheduling order, before a trial date has been set, and before the commencement of any significant discovery practice. Indeed, Defendant has not even responded to Plaintiff's discovery requests in any substantive manner and as such, Defendant would not need to undertake an entirely new course of defense at an advanced stage of the litigation. As a result, Plaintiff is proposing amendment without delay, before extensive discovery has been completed, after significant discussions with Defendant to stipulate instead to the proposed amendment, and at the first feasible opportunity – a mere week after Defendant confirmed its intent to reject said proposed stipulation.

Insofar that Defendant claims that Plaintiff unduly delayed the filing of this Motion, that argument is unavailing as there is currently no scheduling order in place, and no Court-ordered deadlines to file any class certification motion or pre-trial deadlines. Although the Parties submitted a Joint Status Report on January 10, 2025, proposing, among other deadlines, a deadline to file a motion for conditional certification for March 18, 2025, the Court never entered these deadlines into a scheduling order. Moreover, the Parties previously agreed that Plaintiff would file its motion for conditional certification only after Mr. Hood's deposition. Thus, a deadline has not been agreed upon nor entered by the Court, causing no real prejudice to Defendant due to delay.

Moreover, this is Plaintiff's first request to amend the pleadings. Any amended pleading Plaintiff would propose would merely substitute Mr. Hood for another plaintiff, who would have been a putative class and/or collective member as pled in the initial pleading. Substituting in a

16

plaintiff with similar claims to Mr. Hood into a class and collective proceeding is not futile as Plaintiff is bringing colorable claims that Defendant previously answered, thus, any substituted Plaintiff would survive a motion to dismiss.

None of the factors of prejudice, bad faith, or futility are present here, and Plaintiff should thus be granted leave to amend.

## IV. CONCLUSION

Plaintiff is no longer able to represent the putative Class and Collective and is voluntarily withdrawing as the representative to make way for a more suitable representative. Plaintiff's motion to be substituted does not prejudice Defendant, nor has it been delayed. Accordingly, the Court should grant Plaintiff the opportunity to substitute himself as a class representative, and leave to amend the Complaint after he has had sufficient time to locate a representative substitution.

Dated: March 18, 2025               Respectfully Submitted,

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*/s/ Michelle S. Lim*
John J. Nestico (N.C. SBN 39457)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946
Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (Cal. SBN 166977, *pro hac vice*)
Ori Edelstein (Cal. SBN 268145, *pro hac vice*)
Elizabeth R. Klos (Cal. SBN 346781, *pro hac vice forthcoming*)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
eklos@schneiderwallace.com

Michelle S. Lim (Cal. SBN 315691)
300 S. Grand Ave. Suite 2700
Los Angeles, CA 90071
Tel: (213) 8351540
mlim@schneiderwallace.com

*Counsel for Plaintiff, the putative Class, and putative Collective Members*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 18, 2025, the foregoing was caused to be served upon counsel of record via the Court's CM/ECF System.

*/s/ Michelle S. Lim*
Michelle S. Lim