UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CV-00292-MEO-DCK

| | | |
|---|---|---|
| TYLER HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM & ORDER |
| | ) | |
| CAPSTONE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Capstone Logistics LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction or Want of Prosecution or, in the Alternative, for Summary Judgment (Doc. No. 87), Defendant's Rule 72(a) Objections to the Magistrate Judge's Order (Doc. No. 61), Defendant's Motion to Dismiss for Plaintiff's Failure to Participate in Discovery or, in the Alternative, to Compel Discovery and Award Attorneys' Fees (Doc. No. 68), and Plaintiff Tyler Hood's Motion for Leave to Amend Complaint and Substitute Class Representative (Doc. No. 71). For the reasons explained below, the Court concludes that it lacks subject-matter jurisdiction to further adjudicate this matter. Accordingly, the Court will grant Defendant's Motion to Dismiss (Doc. No. 87) and dismiss this case without prejudice.

## I.    BACKGROUND

Tyler Hood, a former employee of Defendant, claims that Defendant failed to pay its workers minimum wage and overtime. (Doc. Nos. 1 ¶¶ 3–4; 23 ¶ 4). Hood filed a Complaint on June 30, 2022, seeking to bring a collective action under the Fair Labor Standards Act ("FLSA") as well as a class action under the North Carolina

Wage and Hour Act. (Doc. No. 1 ¶¶ 4–7). The putative collective action would include Capstone employees throughout the United States, while the putative class action would comprise only Capstone employees in North Carolina. *Id.* at ¶¶ 5, 7, 55, 66.

After the parties had engaged in substantial motions practice, on January 29, 2025, Hood informed his Counsel that he "had received private medical news that would make it nearly impossible for him to continue being the representative plaintiff in this action." (Doc. No. 73 ¶¶ 3, 8). On February 4, 2025, Hood "confirmed his decision to withdraw as the representative plaintiff in this action" and signed a declaration stating as such. *Id.* ¶ 9. Hood's declaration states, "[f]or multiple personal reasons . . . I am unable to serve as the representative for the putative Class and Collective. However, I wish to remain part of the putative Class and Collective." (Doc. No 73-1 ¶ 4). He continues: "I agree to be substituted by another representative plaintiff, who has yet to be determined." *Id.* ¶ 5. On February 10, 2025, Plaintiff's Counsel communicated to Defendant's Counsel that "[Hood] has decided that he can no longer proceed as the class/collective representative" and that counsel was "in the process of trying to identify a replacement representative" but that Hood "will not be responding to discovery or attending [his] deposition." (Doc. No. 70-8 at 4–5). When Hood expressed his desire to withdraw as the representative plaintiff, there were no other opt-in plaintiffs to the action.

On March 12, 2025, Defendant filed a Motion to Dismiss for Plaintiff's Failure to Participate in Discovery or, in the Alternative, to Compel Discovery and Award Attorneys' Fees. (Doc. No. 68). One week later, on March 18, 2025, Plaintiff's Counsel

filed a Motion for Leave to Amend Complaint and Substitute Class Representative, requesting to substitute the named Plaintiff and leave to amend the complaint to include that substituted plaintiff. (Doc. No. 71). Notably, Plaintiff had not yet identified a substitute and requested the Court "grant him 30 days to identify and evaluate an appropriate substitute representative plaintiff." *Id.* Nearly three months later, in June 2025, two individuals consented to join the collective action as opt-in plaintiffs. (Doc. Nos. 81-1; 82-1) (opt-in consent forms). In September 2025, a third individual consented to join the collective action as an opt-in plaintiff. (Doc. No. 84-1) (same).

On February 17, 2026, this case was reassigned to the undersigned. On April 6, 2026, Defendant filed a second Motion to Dismiss—this time for lack of subject-matter jurisdiction or want of prosecution or, in the alternative, for summary judgment. (Doc. No. 87). Defendant argues the Court lacked subject-matter jurisdiction over this matter once Hood, "as the sole named plaintiff, withdrew his participation." (Doc. No. 88 at 12).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Subject-matter jurisdiction in federal court exists primarily where a federal question is presented, 28 U.S.C. § 1331, or

when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time by a litigant or the court itself. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of proving that the court has subject-matter jurisdiction over a case or claim. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In cases where the federal court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## III. DISCUSSION

Defendant moves to dismiss for lack of subject-matter jurisdiction. For the reasons set forth below, the Court finds that it lacks subject-matter jurisdiction over the FLSA claim and declines to exercise supplemental jurisdiction over the state-law claim.

### A. Jurisdiction

Defendant argues that this Court should dismiss the action because the Court lost subject-matter jurisdiction "when [Hood], as the sole named plaintiff, withdrew

his participation" in favor of becoming a "non-participating" opt-in plaintiff. (Doc. No. 88 at 12, 15). Plaintiff's Counsel responds that the Court has not lost subject-matter jurisdiction because Hood and the three other individuals who provided opt-in consent forms supply the jurisdictional hook necessary for the court to retain jurisdiction. (Doc. No. 89 at 9–12). The Court agrees with Defendant.

The FLSA, 29 U.S.C. § 201 *et seq.*, "establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Further, the FLSA "gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA." *Id.* (quoting 29 U.S.C. § 216(b)). Specifically, the FLSA provides that "[a]n action to recover the liability prescribed . . . may be maintained against any employer . . . by *any one or more employees* for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added). In general, the text of the FLSA makes clear that an FLSA claim must be maintained by at least one individual.

The FLSA includes an "opt-in requirement." *See Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 143 (4th Cir. 2018). The opt-in requirement provides "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, a named plaintiff represents only himself until another individual or individuals consent to join the action. *See Simmons v.*

*United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 758 (4th Cir. 2011). Here, Hood was the named plaintiff–and the only plaintiff in this action–when he chose to step down. Hood's desire to "remain part of the putative Class and Collective," (Doc. No 73-1 ¶ 4), provides an insufficient basis for the court to retain jurisdiction.

The cases Defendant relies on are persuasive. In *Smith v. ERJ Dining, LLC*, the plaintiff filed suit against her former employer, asserting claims under both the FLSA and state minimum wage laws. No. 11-CV-2061, 2013 WL 1286674, at *1 (N.D. Ill. Mar. 28, 2013). After extensive litigation and seeking to certify her state-law claims as a class action, the plaintiff "severed ties with her counsel." *Id.* at *2. Instead of moving to withdraw from the case, the plaintiff's counsel moved to substitute the plaintiff as the named plaintiff and proposed class representative with another putative class member who had not yet opted in to the FLSA claim. *Id.* at *2–3. The plaintiff's counsel noted the plaintiff had "personal reasons for wanting to be removed" but still wanted to pursue her claims as a class member. *Id.* at *2. The district court held that the court lost subject-matter jurisdiction on the date the plaintiff severed ties with her counsel because the FLSA claim provided the "jurisdictional hook" for the court, and the "FLSA claim [became] moot without a plaintiff." *Id.* at *5. The court specified that "once the FLSA claim . . . transitioned from a one-plaintiff claim to a no-plaintiff claim, neither Counsel nor any of the putative collective action members had any role to play in advancing it in its present form." *Id.* at *6; *see also Scully*, 2015 WL 1527647, at *1–3 (granting the defendant's motion to dismiss the amended complaint because "there was no longer a 'case or

6

controversy'" without a plaintiff when the plaintiff, who was the only party plaintiff in the case, withdrew consent to pursue his claim).

When Hood filed his Complaint, he asserted the FLSA claim on behalf of himself and "all others similarly situated." (Doc. No. 1). However, at the time Hood alerted his Counsel to his desire to withdraw as the named plaintiff, no other individuals had consented to opt in to the case. Therefore, the FLSA claim went "from a one-plaintiff claim to a no-plaintiff claim." *Smith*, 2013 WL 1286674, at *6. Article III demands that this Court "adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and parties must maintain "the necessary stake" throughout the course of the litigation, *Camreta v. Greene*, 563 U.S. 692, 701 (2011). It was not enough for Hood to say he'd like to "remain part of the . . . Collective" (Doc. No 73-1 ¶ 4) without maintaining that necessary stake as the only named plaintiff.

Plaintiff's Counsel attempts to save this case through substitution with the 2025 opt-in plaintiffs.[1] But Counsel and opt-in plaintiffs are too late. These three individuals cannot save the claim. Plaintiff relies on *Castillo* to assert that "pre-certification substitution of the representative is possible." (Doc. No. 89 at 11); *Castillo*, 2018 WL 3429936, at *3 (addressing pre-certification substitution). But in *Castillo*, a substitution occurred immediately, whereas here, the substitute had yet to be determined when Hood abandoned his role. *See* (Doc. No. 73-1; Plaintiff's Decl.

---

[1] Plaintiff's Counsel represents that the additional individuals who opted in to the action in 2025 are "ready to take Mr. Hood's place as the representative plaintiff as soon as the Court grants leave to amend the complaint." (Doc. No. 89 at 11).

¶ 5) ("I agree to be substituted by another representative plaintiff, *who has yet to be determined . . . .*" (emphasis added)). Hood does not desire to continue to litigate his claims as the named or representative plaintiff, and at the time he alerted Counsel of his decision to withdraw, no other individual had joined Plaintiff's suit. At that moment, the Court was divested of jurisdiction over the FLSA claim. Therefore, from that point forward, the Court did not have authority to adjudicate this matter. Lacking jurisdiction, the Court must dismiss the FLSA claim.

### B. Supplemental Jurisdiction

In cases where the federal court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, "[t]he federal court has supplemental jurisdiction over state-law claims sharing a 'common nucleus of operative fact' with the federal-law ones." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1996)). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." (emphasis added)). "The district court's exercise of discretion as to whether to remand a case to state court

8

involves consideration of 'principles of economy, fairness, convenience and comity.'" *Hartman v. Univ. of Md. at Balt.*, 595 F. App'x 179, 180 (4th Cir. 2014) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Hood's only claim that raises a federal question is the FLSA claim, which the Court is dismissing with this order. (Doc. No. 1 ¶ 10). The Court, in its discretion, declines to exercise supplemental jurisdiction over Hood's North Carolina Wage and Hour Act claim. That claim is best reserved for the state court to decide. While the Court recognizes the parties and the Court have already consumed significant time and resources on the litigation of this case, the state-law issues have not been extensively briefed before this Court. Therefore, the Court declines to exercise supplemental jurisdiction over the state-law claim and dismisses it without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or Want of Prosecution or, in the Alternative, for Summary Judgment (Doc. No. 87) is **GRANTED**, and this case is **DISMISSED.**

2. The Clerk is directed to close this case.

**SO ORDERED.**

Signed: May 20, 2026

Matthew E. Orso
United States District Judge

9